UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KIMBERLY D. BUCHANAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CV-202-TAV-CCS |
| SUN LIFE AND HEALTH INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on the Report and Recommendation ("R&R") issued by United States Magistrate Judge C. Clifford Shirley, Jr. [Doc. 31]. In the R&R, Judge Shirley recommends that defendant's Motion for Summary Judgment on the ERISA Record [Doc. 17] be granted, and plaintiff's Motion for Judgment on Administrative Record [Doc. 19] be denied. Plaintiff filed an objection to the R&R [Doc. 32], and defendant responded to the objection [Doc. 33]. For the reasons stated herein, the Court will overrule plaintiff's objection and accept the R&R in whole.

**I.  Background[1]**

Plaintiff brought this action against defendant seeking long-term disability benefits under an Employee Retirement Income Security Act ("ERISA") plan that is insured by defendant [Doc. 31 p. 1]. She asserts that she was "totally disabled" under the terms of

---

[1] Although the Court includes some background relevant to its analysis, the Court presumes familiarity with this action and the R&R at issue in this matter [Doc. 31].

the policy and thus was entitled to benefits [*Id.*]. Defendant denied plaintiff's claim, determining that she did not satisfy the definition of "totally disabled" as provided in the plan [*Id.* at 8–9].

The policy defines "Total Disability and Totally Disabled" as follows:

Total Disability must be caused by Sickness or Injury and must commence while you are insured under the policy. You will be considered Totally Disabled if:

1. During the Elimination Period and the following 24 months, you are unable to perform all the material and substantial duties of your Regular Occupation.

2. After the Elimination Period and the following 24 months, you are unable to perform the duties of Any Occupation [*Id.* at 3].

Plaintiff completed an application for long-term disability benefits on August 14, 2011 [*Id.* at 4]. She provided that she had not worked since May 2010 [*Id.*]. In the job description section, plaintiff stated: "Being the owner[,] I do everything in the store. Over all employees, billing, sales and the operation of store" [*Id.* at 5].

To determine whether plaintiff satisfied the policy requirements, defendant consulted with Jeffrey Bannon, a certified public accountant [*Id.* at 7]. In a report dated September 10, 2013, Bannon provided that plaintiff had submitted copies of cancelled checks from June 2009 through June 2013, and that these checks "indicate that [plaintiff] has been continually involved in the operation of the business" [*Id.* at 8]. He concluded this because "the majority of the 110 to 120 monthly checks were signed by [plaintiff]," and he further provided that, "[a]t a minimum, this reflects an ongoing financial/managerial participating in the business" [*Id.*].

2

On September 24, 2013, defendant sent plaintiff a letter informing her that she failed to prove she was totally disabled because the numerous checks she signed "reflects an ongoing financial/managerial participation in the business" [Doc. 9-9 p. 98]. Defendant further explained that the signing of the checks "suggest[] that [plaintiff] continued to perform at least one of the material duties of [her] Regular or Any Occupation on a Full-time or Part-time Basis" [Doc. 9-10 p. 6]. Defendant then notified plaintiff of her right to appeal that decision, providing:

> If you disagree with any part of our decision, you may request in writing a review within 180 days after receiving this notice.
>
> You may submit written comments, documents, records, or other information relating to your claim for benefits, and may request free of charge copies of all documents, records, and other information relevant to your claim for benefits [*Id.*].

On March 3, 2014, plaintiff appealed defendant's denial of benefits [Doc. 31 p. 10]. In a decision letter dated October 1, 2014, defendant responded to the appeal [*Id.*]. The letter references a flash drive plaintiff submitted during the appeal, which contained video statements from plaintiff and her husband, as well as audio statements from other employees [*Id.*]. In addition, plaintiff submitted her own description of her duties at the store [Doc. 9-8 p. 51]. She stated that she was responsible for hiring and training staff, shipping and receiving, merchandising, inventory and vendor relations, dress repairs, returns, and certain accounting duties [Doc. 9-10 p. 54]. She further provided that she had some bookkeeping responsibilities, including "[w]riting all business checks," paying vendors, and tracking all orders [*Id.*].

In the October 1, 2014, letter, upon review of plaintiff's submissions, defendant described plaintiff's duties as follows: "responsible for hiring and training staff; shipping/receiving; merchandising; inventory; vendor relations" [Doc. 9-8 p. 51]. In addition, the letter provided that plaintiff "was responsible for dress repairs and returns and bookkeeping. The bookkeeping duties included issuing business expense checks, paying invoices, and merchandise tracking" [*Id.*]. The letter repeated that the signed checks were evidence of plaintiff's "ongoing participation in the business" [*Id.* at 52]. Ultimately, the October 1, 2014, letter concluded that plaintiff was not eligible to receive disability benefits [Doc. 31 pp. 11–12]. The letter also stated that the administrative remedy for disability benefits for the years 2010 and 2011 had been exhausted [*Id.*].

In a letter dated December 16, 2014, plaintiff appealed the decision and submitted evidence in support of that appeal [*Id.* at 12]. On February 10, 2015, defendant stated in a letter that the administrative remedy for disability benefits for the years 2010 and 2011 had been exhausted and the administrative record had been closed [*Id.*].

Now pending before the Court are plaintiff and defendant's motions for summary judgment [Docs. 17, 19]. Upon review of these motions and the administrative record, and after conducting a hearing, Judge Shirley found that defendant "offered a reasoned explanation based on its evidence that [p]laintiff was not totally disabled per the terms of the [p]olicy" and recommended that plaintiff's motion be denied and defendant's motion be granted [*Id.* at 18].

4

## II. Standard of Review

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citation omitted). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## III. Analysis

In her objection, plaintiff argues that Judge Shirley should have remanded this action back to defendant to ensure a full and fair review of her denial of benefits. In addition, plaintiff provides arguments for why she did satisfy the definition of "totally disabled." The Court will first address the issue of remand and will then turn to plaintiff's additional arguments.

### A. Remanding for Full and Fair Review

Plaintiff asserts that Judge Shirley should have remanded this case back to defendant because she was not given the opportunity for a full and fair review, as provided by 29 U.S.C. § 1133. Section 1133 states that every employee benefit plan shall "afford a reasonable opportunity to any participant whose claim for benefits has been

5

denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). Full and fair review consists of "knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of that evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision." *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 461 (6th Cir. 2003) (citing *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 689 (7th Cir. 1992)). The Sixth Circuit has recognized that "the appropriate remedy generally is remand to the plan administrator" where the "'problem is with the integrity of [the plan's] decision-making process,' rather than 'that [a claimant] was denied benefits to which he was clearly entitled.'" *Elliot v. Metro. Life Ins. Co.*, 473 F.3d 613, 622 (6th Cir. 2006) (citing *Buffonge v. Prudential Ins. Co. of Am.*, 426 F.3d 20, 31–32 (1st Cir. 2005)).

Plaintiff contends that she did not receive a full and fair evaluation of the check signing issue because defendant did not review "credible and verifiable evidence" in determining whether signing checks was a material and substantial duty of her occupation [Doc. 32 p. 2]. Plaintiff argues that, had defendant considered the materials she submitted with her appeal attempt on December 16, 2014, defendant would have "seen that signing checks was not a material or substantial part of [plaintiff's] duties" [*Id.* at 5–6].

Plaintiff, however, had the opportunity to appeal defendant's decision regarding whether signing checks constituted a material and substantial duty. In its September 24,

6

2013 letter, defendant provided that plaintiff had failed to show that she was totally disabled because her signing of checks suggest that she "continued to perform at least one of the material duties of [her] Regular or Any Occupation" [Doc. 9-10 p. 6]. Defendant then notified plaintiff of her right to appeal that decision [*Id.*]. Subsequently, plaintiff appealed defendant's denial of benefits and submitted evidence in support of that appeal [Doc. 31 p. 10]. As such, plaintiff had the opportunity for a full and fair review and exercised that opportunity. If the information plaintiff attempted to provide during her December 16, 2014, appeal attempt would have affected defendant's decision regarding the impact of plaintiff's signing of checks, then plaintiff should have submitted that information in support of her appeal of the September 24, 2013, letter. Plaintiff's failure to include this evidence does not negate the fact that she had a full and fair opportunity to contest defendant's determination regarding her inability to satisfy the definition of total disability.

Plaintiff, however, asserts that she should have been able to appeal the decision letter issued on October 1, 2014 [Doc. 32 p. 4]. In this letter, defendant provided that one of plaintiff's duties was bookkeeping, which included issuing business expense checks and paying invoices [Doc. 9-8 p. 51]. Plaintiff criticizes this determination as she argues that signing checks is only one small part of bookkeeping duties. The Court notes, however, that defendant included issuing checks and paying invoices as part of plaintiff's duties after reviewing plaintiff's own description of her duties. Plaintiff included "[w]riting all business checks" and paying vendors in her one-page description of duties

7

[Doc. 9-10 p. 54]. The October 1, 2014, letter ultimately concluded that the signed checks were evidence of plaintiff's "ongoing participation in the business" [Doc. 9-8 p. 52], and that plaintiff was not eligible to receive disability benefits [Doc. 31 p. 11–12]. Because plaintiff appealed the decision regarding her work in 2010 and 2011, she was not entitled to another review of the decision.

Accordingly, the Court finds that plaintiff had an opportunity for a full and fair review of defendant's decision to deny benefits. As such, plaintiff's objection does not provide a basis for remand, and the Court will overrule plaintiff's objection on this basis.

### B. Whether the Denial of Benefits Was Arbitrary and Capricious

Although it is not expressly clear whether plaintiff is objecting to the R&R on a basis other than arguing that remand is appropriate, plaintiff does include some arguments for why she satisfied the definition of "totally disabled" as provided in the policy. The Court, therefore, will review Judge Shirley's determination that defendant's decision to deny benefits was not arbitrary and capricious.

An administrator's decision on eligibility for benefits is not arbitrary and capricious if it is "rational in light of the plan's provisions." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 984 (6th Cir. 1991) (citation omitted). "This standard is the least demanding form of judicial review of administrative action. When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 520 (6th Cir. 1998) (citations and internal quotation marks omitted). Applying this

standard of review requires that the "decision be upheld if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Baker v. United Mine Workers of Am. Health & Ret. Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991).

Plaintiff argues that "signing checks is not, in and of itself, a conclusive indication of the ability to perform the material and substantial duties of an occupation" [Doc. 32 p. 2]. The Court notes, however, that an independent accountant reviewed the financial information and determined that plaintiff's signing of over 100 checks per month "reflects an ongoing financial/managerial participation in the business" [Doc. 31 p. 7]. Furthermore, plaintiff included "[w]riting all business checks" and paying vendors in her own one-page description of duties [Doc. 9-10 p. 54]. As such, there was evidence in the record supporting the conclusion that signing over 100 checks per month constituted performance of a material and substantial duty of plaintiff's occupation. Consequently, it does not appear that defendant's determination was conclusory, as plaintiff argues.

Plaintiff points out that "[a] person can be totally disabled but nevertheless capable of signing checks" [Doc. 32 p. 3]. While this may be true, the definition of total disability under the policy requires that an individual is "unable to perform all the material and substantial duties of your Regular Occupation" [Doc. 31 p. 3]. In light of the evidence in the record that signing 100 checks per month was plaintiff's material and substantial duty, and the evidence that plaintiff did sign the checks, the Court agrees with Judge Shirley that defendant's decision to deny benefits was the "result of a deliberate,

9

principled reasoning process," and that it was not arbitrary and capricious. *Baker*, 929 F.2d at 1144.

As such, to the extent plaintiff asserts that defendant's decision was arbitrary and capricious, the Court will overrule plaintiff's objection.

**IV. Conclusion**

For the reasons discussed herein, the Court will **OVERRULE** plaintiff's objection [Doc. 32]. Accordingly, the Court will **ACCEPT IN WHOLE** the R&R, which the Court incorporates into its ruling. The Court will **GRANT** defendant's Motion for Summary Judgment on the ERISA Record [Doc. 17], and will **DENY** plaintiff's Motion for Judgment on Administrative Record [Doc. 19]. The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE

10

Case 3:15-cv-00202-TAV-CCS   Document 34   Filed 03/01/17   Page 10 of 10   PageID #: 1480